# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERRNEI REINA,<br><br>  Petitioner,<br><br>vs.<br><br>B.G. COMPTON,<br><br>  Respondent. | CASE NO. 07-CV-1440 – IEG (RBB)<br><br>**ORDER 1) RECHARACTERIZING PETITION AS A PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255; and 2) TRANSFERRING PETITION TO NINTH CIRCUIT FOR AUTHORIZATION TO FILE SUCCESSIVE PETITION UNDER § 2255** |

Presently before the Court is Ferrnei Reina's ("petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated below, the Court recharacterizes the petition as one brought pursuant to 28 U.S.C. § 2255 and transfers his petition to the Ninth Circuit.

## BACKGROUND

On September 30, 2002, petitioner pled guilty to one count of conspiracy to possess cocaine on board a vessel, in violation of 46 U.S.C. §1903(a)(c)(j), and one count of possession of cocaine with intent to distribute on board a vessel, in violation of 46 U.S.C. §1903(a)(c)(l), before Judge Thomas J. Whelan.[1] Judge Whelan sentenced petitioner to 135 months in custody. Petitioner is currently incarcerated in the Federal Correctional Institution in Lompoc, California, which is in the

---

[1] Case No. 00-CR-3209 – W.

1  Central District of California.

2  On February 10, 2004, a certified copy of judgment from the Ninth Circuit Court of Appeals affirming Judge Whelan was filed in petitioner's case. On December 17, 2004, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2255.[2] Judge Whelan denied the petition on May 9, 2005 and denied petitioner's certificate of appealability on June 9, 2005. On October 14, 2005, the Ninth Circuit Court of Appeals affirmed the denial of the certificate of appealability.

On January 2, 2007, petitioner, proceeding pro se, file the present petition in the United States District Court for the Central District of California pursuant to 28 U.S.C. §2241. On May 25, 2007, Judge Gary Feess found that jurisdiction was improper in the Central District of California and transferred the case to the Southern District of California. This matter was transferred on August 6, 2007 to the court.

**DISCUSSION**

A district court must determine at the outset whether a petition filed by a federal prisoner is pursuant to 28 U.S.C. § 2241 or § 2255 because congress has given jurisdiction over these petitions to different courts and has imposed strict limits on the number of petitions an individual may file under § 2255. See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A prisoner in custody under sentence of a federal court who wishes to attack the validity of his conviction or the legality of the imposed sentence must do so under § 2255. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984). A prisoner **may not** attack collaterally a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991). A petition pursuant to § 2241 is the proper vehicle to challenge the manner, location or conditions in which his sentence is being executed. See Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1990). A petition under § 2241 must be heard in the district of confinement, whereas a petition under § 2255 must be heard in the sentencing court. Hernandez, 204 F.3d at 865. A second or successive § 2255 petition can only be filed if the petitioner obtains certification from the Court of Appeals that the petition involves newly discovered evidence or a new rule of retroactive constitutional law. 28 U.S.C. §§

---

[2] Case No. 04-CV-2530 – W.

1  2244, 2255; United States v. Reyes, 358 F.3d 1095, 1097 (9th Cir. 2004).

2  In the instant petition, petitioner argues that his counsel was constitutionally defective under the Sixth Amendment and that the court did not have personal jurisdiction because the indictment was fatally flawed. These arguments go to the legality of his conviction in the underlying criminal case and not the administration of his sentence. Where, as here, the alleged errors occurred prior to sentencing, the proper vehicle is a § 2255 motion.[3] See United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980). Accordingly, this petition is properly characterized as a § 2255 habeas petition despite petitioner's invocation of §2241.[4] Because petitioner previously filed a § 2255 habeas petition regarding his underlying criminal conviction, he must receive authorization from the Ninth Circuit prior to filing a successive § 2255 petition regarding this conviction. Petitioner presents no evidence that he has obtained leave to file a successive § 2255 petition from the Ninth Circuit. Until such authorization is received form the Ninth Circuit, the sentencing court is without jurisdiction to consider the merits of his petition. See 18 U.S.C. § 2244. Accordingly, the Court finds that it is in the interest of justice to transfer this petition to the Ninth Circuit for authorization to file a successive habeas petition under § 2255. See 28 U.S.C. § 1631(stating that courts should transfer jurisdiction to the appropriate court if it is in the interests of justice); Cruz-Aguilera v. Immigration & Naturalization Service, 245 F.3d 1070, 1074 (9th Cir. 2001); Baeta v. Sonchik, 273 F.3d 1261, 1264 (9th Cir. 2001) (holding that the interests of justice normally warrant transfer of a case rather than dismissal).

---

[3] Under some limited circumstances, a petition may be filed under § 2241 when relief is not available under § 2255. See 28 U.S.C. § 2255; Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003) ("a prisoner may proceed under § 2241 if he can show that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.") (citations omitted). The Ninth Circuit has recognized that this is a very narrow exception. United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255). Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions." Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001). Moreover, the § 2255 "savings clause" is not available "merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition." Ivy, 328 F.3d at 1059 (citations omitted). The court finds that petitioner has made no showing that he qualifies for the exception to § 2255's bar on using §2241 to challenge a federal conviction or sentence. (See Doc. No. 1., Order Transferring Action.) Accordingly, the Court finds that the present petition can only proceed under § 2255.

[4] Because petitioner has already filed a § 2255 habeas petition regarding his underlying criminal case, he is not prejudiced by the Court's decision to recharacterize his present habeas petition. See e.g. Love v. Menifee, 333 F.3d 69, 72 (2d Cir. 2003) (affirming district court's order recharacterizing § 2241 petition as a successive § 2255 petition and denying certification of successive petition).

**CONCLUSION**

Based on the foregoing, the Court **RECHARACTERIZES** petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 as a petition pursuant to § 2255.  The Court **TRANSFERS** the petition to the Ninth Circuit for authorization to file the present § 2255 habeas petition with the sentencing court.

**IT IS SO ORDERED.**

**DATED:  August 29, 2007**

**HON. IRMA E. GONZALEZ, Chief Judge**
United States District Court
Southern District of California